NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG A. MERRIGAN, <br><br> Plaintiff, <br><br> v. <br><br> WATSONTOWN TRUCKING COMPANY, INC., DAVE EDWARDS, JOHN DOE OWNERS (#1-#5), JOHN DOE CONTRACTORS (#6-#10), JOHN DOE EMPLOYEES (#11-#15), <br><br> Defendants. | Civil Action No. 16-5834-BRM-DEA <br><br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants Watsontown Trucking Company, Inc. and Dave Edwards's (collectively, "Defendants") Motion to Dismiss Count V of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendants' Motion for a More Definite Statement of Count I, pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 3.) Plaintiff Craig A. Merrigan ("Plaintiff") concedes to dismissal of Count V (*see* Pl.'s Opp'n, (ECF No. 4) at 1 ("Plaintiff does not oppose Defendants' Motion to Dismiss Count V.")), but opposes Defendants' Motion for a More Definite Statement. (*Id.* at 1-2.) Accordingly, Defendants' Motion to Dismiss Count V of the Complaint is **GRANTED**, therefore the only issue before the court is Defendants' Motion for a More Definite Statement. Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Defendants' Motion for a More Definite Statement is **DENIED**.

1

## I. BACKGROUND

On November 3, 2014, Plaintiff was working at The Home Depot store, located at 1900 Shorrock Road, Lakewood, New Jersey, "unloading a truck when unsecured doors fell on to his back pinning him up against a bay window within the cargo area of the truck." (Compl. (ECF No. 1) at ¶¶ 1-2.) Plaintiff filed this action on September 23, 2016, alleging Defendants were negligent for several reasons, in relevant part, because they: (a) "[d]id not keep the interior of the truck in a safe condition;" (b) "[f]ailed to maintain the floor, platform, work surface in a proper manner;" (c) [c]onducted its maintenance and/or repair duties in a negligent and/or careless manner;" (d) "[d]id not exercise proper care;" (e) "[c]aused a dangerous and hazardous condition to exist;" (f) "[a]llowed a nuisance to exist"; (g) "[f]ailed to comply with safety issues in loading and unloading trucks;" (h) "[f]ailed to provide proper safeguards and/or warnings"; and (i) "[w]ere otherwise negligent." (*Id.* at ¶ 4.)

On October 14, 2016, Defendants moved to dismiss Count V of the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6), arguing Occupation Safety & Health Administration ("OSHA") does not provide a private cause of action. (Def.'s Mot., (ECF No. 3-3) at 3-4.) On that date, Defendants also filed a Motion for a More Definite Statement of Plaintiff's Count I. (*Id.* at 4-6.) Plaintiff concedes to dismissal of Count V (*see* Pl.'s Opp'n, ECF No. 4 at 1 ("Plaintiff does not oppose Defendants' Motion to Dismiss Count V.")), but opposes Defendants' Motion for a More Definite Statement. (*Id.* at 1-2.)

## II. LEGAL STANDARD

Rule 12(e) provides in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed. R. Civ. P. 12(e).

The purpose of Rule 12(e) "is to require greater specificity than what is ordinarily required under Rule 8(a)(2) in that narrow class of cases where the want of specificity precludes the defendant from properly framing an answer to a legally sufficient complaint." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J. 2003); *Goodman v. United Airlines*, No. 15-6496 (KM)(MAH), 2015 WL 8160558, at *1 (D.N.J. Dec. 7, 2015); *see also Alston v. Parker*, 363 F.3d 229, 237 n.7 (3d Cir. 2004) (noting that a more definite statement is a tool to resolve ambiguity or vagueness).

Motions for a more definite statement are generally disfavored, "in light of the liberal pleading standards under the Federal Rules of [Civil Procedure]." *Benhur v. Madavaram*, No. 15-6826, 2015 WL 6739109, at *2 (D.N.J. Nov. 2, 2015); *Goodman*, 2015 WL 8160558, at *1 (citations omitted) ("Motions for a more definite statement . . . are generally disfavored . . . ."). Motions for a more definite statement "should be limited to remedying unintelligible pleadings rather than addressing a lack of detail. In the context of Rule 12(e), an unintelligible pleading is one to which it is virtually impossible for the opposing party to craft a responsive pleading." *Id.* at *1 (citations omitted). Accordingly, Rule 12(e) provides a remedy for unintelligible pleadings, "but does not serve as a mechanism to correct a pleading merely lacking in detail." *Benhur*, 2015 WL 6739109, at *2. "It is not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (citations omitted). "The decision to grant a Rule 12(e) motion is 'a matter committed largely to the discretion of the district court.'" *Id.* (quoting *Clark*, 213 F.R.D. at 232).

**III. DECISION**

Defendants argue Count I of Plaintiff's Complaint requires a more definite statement because the allegations in that claim are "overly broad, ambiguous, and conclusory." (ECF No. 3-3 at 5.) Specifically, Defendants take issue with Count I, Paragraph 4, Subsections d, f, and j, which state:

> 4. Defendants, Watsontown Trucking Company, Inc. and Dave Edwards, were negligent in that they:
>
> . . . .
>
> d. Did not exercise proper care;
>
> . . .
>
> f. Allowed a nuisance to exist;
>
> . . . .
>
> j. Were otherwise negligent.

(ECF No. 1 at ¶ 4(d), (f), (j).) Plaintiff's Opposition does not argue that a more definite statement of Count I is not required. Instead, it inadvertently considered the Motion for More Definite Statement as a Motion to Dismiss. (*See* ECF No. 5 at 2 (arguing "[a] motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a 12(b)(6) motion.").) However, Defendants have not moved to dismiss Count I of the Complaint. Instead, they seek a more definite statement of that claim. Therefore, this Court will address whether or not a more definite statement is necessary.

The Court finds that Plaintiff has sufficiently pled its claim in Count I. Plaintiff has set forth the basic facts supporting its allegations of negligence. While not the model of particularity, Plaintiff's Complaint is not so vague, ambiguous or unintelligible that Defendants cannot respond

in good faith. *See Goodman*, 2015 WL 8160558, at *1 (citations omitted) ("Motions for a more definite statement, however, are generally disfavored, and should be limited to remedying unintelligible pleadings rather than addressing a lack of detail. In the context of Rule 12(e), an unintelligible pleading is one to which it is virtually impossible for the opposing party to craft a responsive pleading."). The details sought by Defendants concerning Plaintiff's claim may be disclosed later in discovery, and if the facts do not support Plaintiff's Complaint, then Defendants may later file a motion for summary judgment on this basis. Accordingly Defendants' Motion for a More Definite Statement under Rule 12(e) is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Count V of Plaintiff's Complaint is **GRANTED**, Count V of the Complaint is **DISMISSED WITHOUT PREJUDICE** and Defendants' Motion for a More Definite Statement is **DENIED.**


**Date: May 5, 2017**　　　　　　　　　　　　　*/s/ Brian R. Martinotti*　　　　　
　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**